Diann **JENKINS**, Jerry Malley, Bonnie Rotonto, and Nancy Tirpak, Plaintiffs,

v.

**NEIGHBORHOOD LEGAL SERVICES ASSOCIATION, a non-profit corporation, Defendant.**

Civ. A. No. 81–1437.

United States District Court, W. D. Pennsylvania.

Sept. 30, 1981.

Goldman & Weiss, Pittsburgh, Pa., for plaintiffs.

Thomas Hollander, Evans, Ivory & Evans, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

The plaintiffs instituted this action in equity in the Court of Common Pleas of Allegheny County, Pennsylvania, seeking to enjoin defendant from certain activities alleging violation of Disciplinary Rules and of its own corporate charter. This action was removed to this court under 28 U.S.C. § 1442(a)(1).

Defendant is a federally funded non-profit corporation which provides free legal services to needy eligible persons, pursuant to the Legal Services Corporation Act of 1974, 42 U.S.C. § 2996 et seq.

Plaintiffs are a group of taxpayers who allege that defendant has misused public funds in two specific cases in that it has violated Disciplinary Rule 5–103(B) by expending funds to expert witness fees and other costs of litigation for which its clients have assumed no ultimate liability. Plaintiffs also allege that the defendant recently adopted a policy not to render its services to clients in cases involving divorce, support, custody, visitation or termination of parental rights. Plaintiffs allege that this policy is in direct contravention of the stated purpose of the defendant corporation and is therefore an *ultra vires* act.

Defendant has filed a Motion to Dismiss on the basis that plaintiffs lack standing to

bring this action and that the complaint fails to state a cause of action.

Plaintiffs bring this action as resident taxpayers of the Commonwealth of Pennsylvania and the United States of America. The law is clear in this area that a person does not have standing to challenge an appropriation or federal spending based upon their status as a taxpayer alone. *Frothingham v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). A taxpayer lacks standing to bring a generalized grievance. Private plaintiffs must show that they have sustained or are in immediate danger of sustaining a direct injury as a result of the action which is the subject of the complaint as opposed to having a general interest that would be common to members of the public. *United States v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974).

This rule regarding taxpayers is in accord with the general rules of standing that the plaintiff must have alleged a personal stake in the outcome of the controversy. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). A plaintiff lacks standing where the asserted harm is merely a generalized grievance.

Plaintiffs in this case have raised only a generalized grievance common to a large class of citizens. They allege simply the misuse of public funds. They have not claimed any direct injury by these alleged violations of the Disciplinary Rules. Neither have they shown that they are members of the class of persons eligible to receive defendant's services of which they have been deprived due to defendant's policy not to render service in certain types of litigation. Plaintiffs have failed to show any direct injury and therefore have no standing to bring this action.

Furthermore, as to plaintiffs' claim of violation of Disciplinary Rule 5–103(B), this court has no jurisdiction to hear such a claim. The Supreme Court of Pennsylvania has the exclusive power to supervise the conduct of attorneys in this state. Section 10(c) of Article V of the Pennsylvania Constitution; Pa.R.D.E. 103; *Wajert v. State Ethics Commission*, 491 Pa. 255, 420 A.2d

439 (1980). See also, *Dixon v. Georgia Indigent Legal Services, Inc.*, 388 F.Supp. 1156 (S.D.Ga.1974). The Pennsylvania Rules of Disciplinary Enforcement establish the procedure to be followed for violation of the Disciplinary Rules.

Finally, as to plaintiffs' claim of *ultra vires* activity, the court notes that under Pennsylvania law, plaintiffs are barred from bringing such an action. The Corporation Not-for-Profit Code, 15 Pa.C.S.A. § 7503 describes only three causes of action which can be brought against a corporation allegedly involved in *ultra vires activity* : a suit in equity brought by shareholders of the corporation seeking injunction against the corporation from performing the unauthorized act, a shareholder derivative suit against the former or present officers, or an action brought by the Attorney General of the Commonwealth to revoke the articles of incorporation. Plaintiffs are not shareholders and their action does not fall into any of the above three classes of action. Therefore, they are barred from bringing this suit.

Therefore, based on the foregoing, defendant's Motion to Dismiss will be granted.